IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEVON A. EVERETT, | ) |
|           Plaintiff, | ) Civil Action No. 2: 15-cv-01383 |
| v. | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| SGT. PIERCE, et al., | ) |
|           Defendants. | ) |

## MEMORANDUM ORDER

On November 5, 2015 the undersigned granted Plaintiff's Motion for Leave to Proceed in forma Pauperis in this action. The Court order Plaintiff to pay $35.38[1] as an initial partial filing fee as provided by 28 U.S.C. § 1915(b)(1)(A) and informed Plaintiff that no further action would be taken in this case until the initial partial fee of $35.38 is paid in full. (ECF No. 2). Further, Plaintiff was warned that if the initial partial filing fee was "not received within **THIRTY (30) DAYS** from the date of this Order then this action may be dismissed for Plaintiff's failure to prosecute." Id.

The initial partial filing fee was not forthcoming and on January 7, 2016, Plaintiff was order to Show Cause why the case should not be dismissed for this failure. (ECF No. 5). On January 15, 2016, Plaintiff responded that the lack of payment was due to "the failure of the

---

[1] Plaintiff had a total of $1061.36 deposited into his inmate account for the six months preceding the submission of his Complaint. The average monthly deposit is $176.89, and twenty percent of that is $35.38. See 28 U.S.C. § 1915(b)(1)(A) (explaining the calculation of the initial partial filing fee). While the PLRA specifies the time period for determining the average monthly balance, it does not specify the time period for determining the average monthly deposits. Some courts, including the Western District of Pennsylvania, have adopted a practice of calculating the average monthly deposits during the six-month period immediately preceding the filing of the action.

1

Superintendent/Warden of SCI-Fayette to comply with the United States District Court Order." (ECF No. 6). Plaintiff attached a grievance that he had filed at SCI-Fayette to his response stating: "Superintendent has refused to comply with said Order as directed by the District Court and has stated that he was been watching my account since the Court Order to deduct the $35.38, and that because I haven't had enough to pay the amount on my account. So far only $22.59 has been sent to the Court for the Order and stated you have gone to Commissary several times." (ECF No. 6-1).

Because Plaintiff is a prisoner, he must pay an initial partial filing fee before he can proceed as required by 28 U.S.C. § 1915(b)(1)(A). Plaintiff cannot evade payment of that fee by dissipating his inmate account. The initial partial filing fee requirement "would indeed be rendered meaningless if prisoners could deplete their trust accounts shortly before or after filing a federal lawsuit, and then be excused from paying any initial partial filing fee." Maddox v. Swenson, 2010 WL 4683871 (D. Minn. 2010).

The Court is not yet in a position to determine whether the lack of payment is due to a failure on the part of SCI-Fayette to properly follow the Court's Order or whether there are insufficient funds in Plaintiff's inmate account due to continued expenditures by Plaintiff.

Therefore,

**IT IS HEREBY ORDERED:**

1. Plaintiff shall provide a current Copy of his Institutional Account Statement for the past three months, signed by the Inmate Account Officer, to the Court on or before February 3, 2016.

2. The Clerk of Court shall mail a copy of this Order and a copy of Plaintiff's authorization form to the Inmate Account Officer at Plaintiff's place of confinement.

**SO ORDERED** this 20th day of January, 2016.

s/Cynthia Reed Eddy  
Cynthia Reed Eddy  
United States Magistrate Judge

cc: JEVON A. EVERETT
 HW1387
 SCI Fayette
 PO Box 9999
 LaBelle, PA 15450-0999
 (via U.S. First Class Mail)

 Inmate Account Officer
 SCI Fayette
 (via U.S. First Class Mail)