IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEVON A. EVERETT, | ) |
| | ) Civil Action No. 2: 15-cv-1383 |
| Plaintiff, | ) |
| | ) United States District Judge |
| | ) Arthur J. Schwab |
| v. | ) |
| | ) United States Magistrate Judge |
| SGT. PIERCE, et al., | ) Cynthia Reed Eddy |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is recommended that, pursuant to the authority granted courts by 28 U.S.C.§§ 1915(e)(2) and 1915A, the Second Amended Complaint be dismissed in part for failure to state a claim upon which relief can be granted. It is further recommended that Defendants' motion to dismiss (ECF No. 83) denied. It is further recommended that C.O. Hann be added as an additional defendant.

**II. REPORT**

On July 27, 2016, the undersigned filed a Report and Recommendation ("R&R") which recommended that the motion to dismiss filed by the Corrections Defendants (ECF No. 43) be granted and that the motion to dismiss filed by Defendant Union Supply Group, Inc., d/b/a Union Supply Direct (ECF No. 52) be granted. It was further recommended that Plaintiff be granted leave to file a second amended complaint to correct the deficiencies noted in the R&R. Objections were due to the R&R by August 16, 2016.[1]

---
[1] The R&R also recommended that Everett's Motion for Injunction (ECF No. 13) be denied. In his motion, Everett alleged that prison officials had deducted the wrong amount of

1

Plaintiff filed a timely request for an extension of time to file objections or an amended complaint. By Order of August 10, 2016, United States District Judge Arthur J. Schwab granted Plaintiff's motion and extended the time for filing objections or an amended complaint to November 8, 2016. On October 21, 2016, the Court received and filed Plaintiff's "Verified Amended Complaint for Damages and Injunctive Relief" (ECF No. 82), which the Court deems to be a Second Amended Complaint.

Before the Court had completed its screening obligation, the Corrections Defendants filed a motion to dismiss. (ECF No. 83.) The Court will first screen the Second Amended Complaint, and, with respect to those claims that survive the screening process, then turn to the motion to dismiss.

A.  **Applicable Legal Principles**

Everett is a state prisoner who has been granted leave to proceed in this case *in forma pauperis* by Order of the Court. (ECF No. 2.) This Court has a statutory responsibility, given that IFP status and the fact that Everett is a prisoner, to review the Second Amended Complaint to determine if it states a valid claim for relief. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(a).

Moreover, not only is a court permitted to *sua sponte* dismiss a complaint but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e)(2); *see also* 28 U.S.C. § 1915A(b) ("On review, the court shall identify cognizable

---

court filing fees from his inmate account and that his account was frozen. Everett did not file any objections to this portion of the R&R and has not raised this issue again. Accordingly, it is recommended that the Court deem the motion for injunction as abandoned.

claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim . . . ."). In performing a court's mandated function of *sua sponte* reviewing complaints under 28 U.S.C. §§ 1915(e) and 1915A, a federal district court applies the same standard as applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Powell v. Hoover*, 956 F. Supp. 565, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)).

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This " 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (*quoting Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

Because Plaintiff is *pro se,* the court will accord him an even more liberal reading of the Second Amended Complaint, employing less stringent standards than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519 (1972).

### B. Discussion – Screening Pursuant to 28 U.S.C. §§ 1915 and 1915A

At the outset, the Court notes that Plaintiff has voluntarily dismissed the following defendants: Sgt./C.O. Ashmum, Sue Berrier, Superintendent Brian Coleman, Rhonda House, Sgt. Johnson, Lt. Jones, Supt. Scott Nickelson, Lt. L. W. Stately and Capt. Trempus. *See* Paragraph VII of the Second Amended Complaint. Therefore, the remaining originally named defendants are Sgt. Pierce, Union Supply, Louis Bozelli, Sgt. Lane, and the Department of Corrections ("DOC"). Plaintiff seeks leave to add C.O. Hann and Corizon, the medical provider for SCI-Fayette. He also states that he brings the following six (6) claims in his Second Amended Complaint: "substantial risk of serious harm and injury resulting hernia; deliberate indifference to medical treatment; retaliation for a protected conduct; deprivation of property and liberty interest; discrimination; and conspiracy to attack, harm, and indanger Plaintiff." Second Amended Complaint, ¶ VI.[2]

---

[2] The Second Amended Complaint also states, however, that Plaintiff is seeking an injunction and damages pursuant to the Americans With Disabilities Act and the Rehabilitation Act.

Pursuant to 28 U.S.C. §§ 1915 and 1915A, the Court will proceed to review the Second Amended Complaint, identifying cognizable claims and dismissing any portion of the Second Amended Complaint which is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

1. *Eleventh Amendment Immunity and Official Capacity Claims*

Everett has continued to name the DOC even though the R&R recommended that the DOC be dismissed for failing to state a claim and for seeking damages against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). It is well settled that the DOC, which administers all state correctional institutions, including SCI-Fayette, is an agency or arm of the Commonwealth of Pennsylvania. Thus, the DOC is entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys. *See Steele v. Pennsylvania,* CA 1:07-cv-271, 2009 WL 614800 at *8 (W.D.Pa. Mar. 6, 2009). No exceptions to Eleventh Amendment immunity are applicable here. The Commonwealth of Pennsylvania has not consented to be sued, *Wilson v. Vaughn,* 1996 WL 426538 at *1 n. 2 (E.D.Pa. July 30, 1996), nor has Congress expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. *Smith v. Luciani,* CA 97-3037, 1998 WL 151803 at *4 (E.D.Pa. March 31, 1998), *aff'd,* 178 F.3d 1280 (3d Cir.1999) (Table).

Similarly, those individual prison defendants sued in their official capacities are immune from claims for monetary damages and retroactive equitable relief. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against an entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)(citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)). The Eleventh Amendment not only bars suits against a state by its own citizens, but also immunizes state defendants sued in their official capacities from liability for damages or equitable relief. *See*

*Kokinda v. Pa. Dep't of Corr.,* No. 16-1584, ___ Fed. App'x ___, 2016 WL 5864890, *2 & n. 10 (3d Cir. Oct. 7, 2016) ("The District Court was . . . correct to conclude that the Eleventh Amendment barred Kokinda's claims against the DOC and its employees in their official capacities.")(citing *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002) and *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000)).

Accordingly, the claims against the DOC and the individual prison officials sued in their official capacities should be dismissed with prejudice. Because there are no additional facts which Everett could plead to cure this deficiency, any amendment of these claims would be futile. Plaintiff, therefore, should be denied leave to amend these claims.[3]

    b.    *Claims Against Superintendent Jay Lane*

The R&R also explained that supervisory defendants must have personal involvement in the alleged wrongs to be liable. In his Second Amended Complaint, Plaintiff alleges that Defendant Lane "actually knew of the substantial risk of serious harm for which Plaintiff now needs surgery." Second Amended Complaint, at ¶ 14. Everett fails to identify the substantial risk of serious harm or when the Superintendent knew of such risk. This bare allegation is not enough to support a claim against Superintendent Lane under the pleading requirements of

---

[3] Moreover, the DOC and the individual defendants in their official capacities are not "persons" for the purposes of § 1983. In *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 70-71 (1989), the Supreme Court held that a state is not "a person" subject to § 1983 liability and that the non-person status extends to "governmental entities that are considered arms of the state for Eleventh Amendment purposes." Because as discussed above, the DOC is an arm of the state, *Will* provides an additional basis for the dismissal of the § l983 claims as to the DOC and the individual defendants acting in their official capacities.

Courts have regularly applied the *Will* doctrine to claims brought pursuant to Sections 1985 and 1986. *See Clark v. Clabaugh,* 20 F.3d 1290, 1295 n. 5 (3d Cir. 1994) (a § 1986 claim is dependent on the existence of a cognizable § 1985 claim).

*Twombly* and *Iqbal*. Plaintiff had an opportunity to amend his complaint to provide details and cure the deficiencies of his claim against the supervisory defendants. Because Everett has failed to cure this deficiency, all claims against Superintendent Lane should be dismissed with prejudice and leave to amend should be denied.

    c.  *Claims Against Union Supply Direct ("Union Supply")*

Plaintiff alleges that he purchased his Norelco electric razor directly from Union Supply. As the R&R explained, this allegation is insufficient to state a cause of action under § 1983 against Union Supply. In an attempt to redeem his claim, Everett now alleges that while Union Supply is an approved outside vendor for the DOC, it is not "contracted to do any business with or for the Department of Corrections, but received unjust enrichment." Second Amended Complaint, ¶ 6(c). The Second Amended Complaint continues to fail to assert sufficient facts to state a § 1983 claim against Union Supply. Even assuming, *arguendo*, that Everett has established that Union Supply was involved in the alleged deprivation of his property, Everett has made no allegations that Union Supply was involved in the distribution or delivery of his razor, or that it had the power or authority to withhold his property. Moreover, Everett has made no factual allegations which support his unjust enrichment claim.

Thus, under the pleading requirements of *Twombly* and *Iqbal*, it is recommended that Plaintiff's claims against Union Supply be dismissed with prejudice. As with his claim against Superintendent Lane, because Everett has failed to cure the deficiency with respect to this claim, he should not be granted leave to amend.

d.  *Fourteenth Amendment Claims – Deprivation of Property – and Claim Against Sgt. Pierce*

Everett continues to argue that Sgt. Pierce violated his constitutional rights when he refused to turn over to Plaintiff his Norelco razor. In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Even assuming *arguendo* that Everett has established the existence of a liberty interest, the claim fails because a meaningful post-deprivation remedy was available. *See R&R* (citing *Hudson v. Palmer,* 468 U.S. 517, 533 (1984)). Everett sought redress through the prison administrative grievance process. *See* Second Amended Complaint at ¶ 12 ("Plaintiff filed grievance, appeals and eventually sued Sgt. Pierce . . . .")

Accordingly, it is recommended that Everett's due process claim and his claim against Sgt. Pierce be dismissed with prejudice. As with his claims discussed *supra*, Plaintiff should not be granted leave to amend.

e.  *New Claims Added in the Second Amended Complaint*

Everett appears to be attempting to bring at least five new claims not raised in his either his original complaint or his amended complaint: a conspiracy claim, a deliberate indifference to medical needs claim (denial of hernia surgery), an unspecified discrimination claim, a claim under the Americans with Disabilities Act, and a claim under the Rehabilitation Act.[4] Everett was granted leave to amend <u>only</u> to attempt to cure the deficiencies noted with his amended complaint. He was not granted leave to enlarge the lawsuit by filing new allegations or adding

---

[4] The Court notes that the Second Amended Complaint makes no factual allegations that would implicate that Defendants acted in any discriminatory manner or a manner which would violate the Americans with Disabilities Act or the Rehabilitation Act.

defendants not related to the allegations in the amended complaint. Therefore, Plaintiff's attempt to add these new claims and add Corizon as a defendant is improper.[5] To the extent that any of these claims arise from the same incidents as those in the alleged in the Second Amended Complaint, Plaintiff must file a separate motion for leave to amend to include these claims. To the extent that Everett believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to the claims of his second amended complaint, i.e., discrimination, deliberate indifference to a serious medical condition, violations of the ADA or Rehabilitation Act, he should file separate complaints addressing each violation along with separate motions to proceed *in forma pauperis*.

Therefore, it is recommended that Plaintiff's claims for conspiracy, deliberate indifference to medical needs, discrimination, and violations of the Americans with Disabilities Act and Rehabilitation Act be dismissed without prejudice.

f. *Claim(s) Surviving the Screening Process*

Based on the above analysis, the only surviving claim is one for retaliation. The Court will now turn to the Corrections Defendants' motion to dismiss this claim.

**C. Discussion – Retaliation Claim**

Retaliation claims are judged against exacting legal standards. Because retaliation claims can be easily fabricated, district courts must view prisoner's retaliation claims with sufficient skepticism to avoid becoming entangled in every disciplinary action taken against a prisoner. A prisoner claiming that a defendant retaliated against him for exercising his constitutional rights must show that: (i) his conduct was constitutionally protected; (ii) he suffered "adverse action" at

---

[5] Plaintiff was advised in the R&R that if he desired to amend his complaint to include claims for conspiracy, or claims under the ADA or the Rehabilitation Act, he must file a separate motion for leave to amend.

the hands of the defendant, and (iii) there was a causal relation between the two. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). It may be more difficult for a prisoner to prove a retaliation claim against an officer who was not the subject of a prior grievance than it is to prove a retaliation claim against an officer who was the subject of a prior grievance. But, a retaliation claim is not necessarily limited to those officers against whom the prisoner previously filed grievances.

Once a plaintiff has made a prima facie case, the burden shifts to the defendants to prove by a preponderance of the evidence that they "would have made the same decision absent the protected conduct for reasons reasonably related to penological interest." *Carter v. McGrady,* 292 F.3d 152, 158 (3d Cir. 2002).

Plaintiff asserts his retaliation claims in a manner that makes it difficult for the Court and the Corrections Defendants to clearly understand the claims asserted and the facts supporting those claims. Nevertheless, the claim is at least minimally sufficient to permit the Court to evaluate the retaliation claim under the Rule 12(b)(6) standard. Although unclear, it appears that Everett is claiming that Defendant Lou Bozelli and C.O. Hann retaliated against him when (1) they placed his former cellmate back in his cell and then failed to protect him when the cellmate attacked him; and (2) when Defendant Bozelli directed C.O. Hann to issue falsified misconducts against him.[6]

---

[6] The filing of a prison disciplinary report is not actionable under 42 U.S.C. § 1983 as prohibited "retaliation" unless the report is, in fact, false. In *Bond v. Horne*, 553 F. App'x 219 (3d Cir. 2014), the United States Court of Appeals for the Third Circuit instructed that even when there has been a finding of guilt in the inmate's disciplinary hearing, the better course is to allow such claim and not to apply the burden –shifting aspect of the retaliation standard at the motion to dismiss stage.

The Corrections Defendants argue that Everett's retaliation claims against Defendants Bozelli and Hann should be dismissed because *inter alia*, Everett does not state how returning his former cellmate to his cell amounted to an adverse action and (ii) he does not identify the misconducts issued or when they were issued by C.O. Hann.

Accepting the facts alleged in the Second Amended Complaint as true and construing them in the light most favorable to Everett, the Court finds that Everett has alleged enough to create plausible retaliation claims that should be allowed to continue beyond the defendants' motion to dismiss. The Court recognizes that discovery may well reveal that the alleged conduct does not give rise to a retaliation claim(s), but at this early stage of the litigation, the allegations of the Second Amended Complaint must be accepted as true and all reasonable inferences must be drawn in Everett's favor.

Therefore, it is recommended that the Corrections Defendants' motion to dismiss Plaintiff's retaliation claim be denied and that such claims should be allowed to proceed at this time.[7]

## III. Conclusion

For the reasons discussed above, it is respectfully recommended that pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Second Amended Complaint be dismissed in part and the following claims be dismissed with prejudice: (1) all claims against the Department of Corrections and the prison officials in their official capacities; (2) all claims against Superintendent Lane; (3) all claims against Union Supply Direct; and (4) all due process claims

---

[7] The Court did not order Plaintiff to respond to the motion to dismiss as it is recommended that the motion be resolved in Plaintiff's favor.

11

and claims against Sgt. Pierce. It is further recommended that Plaintiff be denied leave to file yet another complaint.

It is further recommended that pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the following claims be dismissed without prejudice: (1) claims for conspiracy; (2) deliberate indifference to medical needs; (3) claims for discrimination; (4) claims under the Americans with Disabilities Act; and (5) claims under the Rehabilitation Act.

It is further recommended that the Corrections Defendants' motion to dismiss be denied as to Plaintiff's retaliation claims and that Plaintiff be allowed to add C.O. Hann as a defendant. The remainder of the Corrections Defendants' motion to dismiss is denied as moot.

It is further recommended that Plaintiff's Motion for Injunction (ECF No. 13) be deemed abandoned.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days after service of this Report and Recommendation to file written objections. Any party opposing the objections shall have fourteen (14) days after date of service to respond to the objections. Failure to timely file objections will constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Dated: November 3, 2016

cc:     JEVON A. EVERETT
        HW1387
        SCI Fayette
        PO Box 9999
        LaBelle, PA 15450-0999
        (via U.S. First Class Mail)

        Raymond W. Dorian
        Pennsylvania Department of Corrections
        (via ECF electronic notification)

        Brian T. Feeney
        Greenberg Traurig
        (via ECF electronic notification)

        Gregory T. Sturges
        Greenberg Traurig LLP
        (via ECF electronic notification)