IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEVON A. EVERETT, | ) | |
| | ) | 2: 15-cv-1383 |
| Plaintiff, | ) | |
| | ) | **ELECTRONICALLY FILED** |
| v. | ) | |
| SGT. PIERCE, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DOC. NO. 85) AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DOC. NO. 91)**

This prisoner civil rights suit was commenced on October 26, 2015, with the filing of a petition to proceed *in forma pauperis* and was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1) and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The magistrate judge's report and recommendation, dated November 3, 2016 (Doc. No. 85), recommended that pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, certain claims of the Second Amended Complaint (Doc. No. 82), the operative complaint in this matter, be dismissed with prejudice and that others claims be dismissed without prejudice. The magistrate judge also recommended that the Corrections Defendants' motion to dismiss (Doc. No. 83) be denied as to Plaintiff's retaliation claim and that C.O. Hann be added as a defendant.

A copy of the report and recommendation was sent to Plaintiff by First Class United States Mail at his listed address and sent to all counsel electronically via the ECF system. The parties were advised that written objections to the report and recommendation were to be filed

1

fourteen (14) days after service of the report and recommendation. No party filed objections; however, Plaintiff filed a "Motion for Leave to File an Amended Complaint." (Doc. No. 91).[1]

After *de novo* review of the pleadings and documents in the case, together with the report and recommendation, the Court finds that the report and recommendation should be adopted as the opinion of the Court. Accordingly, the following claims are dismissed with prejudice:

    1. All claims against the DOC and the individual prison officials sued in their official capacities;

    2. All claims against Superintendent Jay Lane;

    3. All claims against Union Supply Direct;

    4. All due process claims and claims against Sgt. Pierce relating to the refusal to give Plaintiff his Norelco razor.

Turning to the merits of the motion to amend, Plaintiff seeks leave to file yet another amended complaint,[2] which would include claims for conspiracy, deliberate indifference to his medical needs, an unspecified discrimination claim, a claim under the Americans with Disabilities Act, and a claim under the Rehabilitation Act. (Notably, these are the same claims that the magistrate judge recommended be dismissed without prejudice in the report and recommendation, noting that the claims were not related to the claims in the Second Amended Complaint.) Granting or denying a motion to amend lies within the discretion of the court.

---

[1] The Report and Recommendation advised Plaintiff that to the extent the Second Amended Complaint was attempting to raise claims that were not raised in either his original complaint or his amended complaint, he must file a separate motion for leave to amend to include these claims. *See* report and recommendation at 8-9.

[2] If allowed to amend, this would be Plaintiff's third amended complaint. *See* Complaint (Doc. No. 3), the Amended Complaint (Doc. No. 20), and the Second Amended Complaint (Doc. No. 82).

*Krantz v. Prudential Investments Fund Management LLC,* 305 F.3d 140, 144 (3d Cir. 2002). In exercising that discretion, courts consider undue delay, bad faith or dilatory motive by the movant, repeated failure to cure deficiencies, futility of the amendment and undue prejudice to the opposing parties. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

Initially, the Court notes that this case has been pending over 400 days, and yet it has not progressed beyond the motion to dismiss phase. Plaintiff offers no explanation as to why he could not have included these claims initially when he began this suit. Allowing Plaintiff to file yet another amended complaint would clearly result in undue delay and prejudice to Defendants.

Moreover, claims of deliberate indifference to his medical needs, discrimination, and violations of the Americans with Disabilities Act and Rehabilitation Act are not related to the allegations in the Second Amended Complaint. These additional claims, if Plaintiff chooses to pursue, should be filed in separate lawsuits. The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA. *Mincy v. Klem*, 2007 WL 1576444, at *1 (M.D.Pa. May 30, 2007). *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [multiple]-claim, [multiple]-defendant suit produced but also to ensure that prisoners pay the required filing fees."). *See also Smith v. Kirby*, 53 F. App'x 14, 16 (10th Cir. 2002) (unpublished) (finding no abuse of discretion where district court denied leave to amend or supplement the complaint where the "new claims were not relevant to the claims before that court.. . .").

As to Plaintiff's proposed conspiracy claim, the Court finds this claim would be superfluous. As a member of this court recently explained:

> "The doctrine of civil conspiracy extends liability for tort, here the deprivation of constitutional rights, to persons other than the wrongdoer[.]" *Hostrop v. Bd of Jr. Coll. Dist. No. 515, Cook & Will Counties & State of Ill.*, 523 F.2d 569, 576 (7th Cir. 1975). For example, even though A did not commit the act that actually caused the plaintiff's injury, he may nonetheless be held liable if he conspired with B to do so. Still, "it is the acts causing damage to the plaintiff that give rise to liability for damages, not the conspiracy itself." *Id.* Plaintiff has pled one underlying violation of his First Amendment Rights and alleges that each of the conspirators were directly involved in it, so "[t]he conspiracy count . . . adds nothing to the substantive count." *Id.*

*Miller v. Fayette County*, No. 2:15-cv-1590, 2016 WL 1555526 at *6 n. 3 (Apr. 18, 2016). In the present case, Plaintiff alleges that Defendant Lou Bozelli and C/O Hann and Rodger agreed and acted in concert when they retaliated against Plaintiff for engaging in protected activity. Thus, like the situation described in *Miller*, the conspiracy count adds nothing to the substantive retaliation count.

For all these reasons, the only remaining claims in this lawsuit are as follows: Plaintiff's retaliation claims that Defendants Bozelli, Hann, and Rodgers retaliated against him when (1) they placed his former cellmate back in this cell and then failed to protect him when the cellmate attacked him; and (2) when Bozelli directed Hann and Rodgers to issue falsified misconducts against him. It is further **ORDERED** that C/O Rodger be added as a defendant to the existing retaliation claim(s).

It is further **ORDERED** that the Report and Recommendation (Doc. No. 85) is **ADOPTED** as the Opinion of the Court.

**AND IT IS FURTHER ORDERED** that the Corrections Defendants shall file an Answer in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).

This matter is referred back to Magistrate Judge Eddy for all further pretrial proceedings.

**SO ORDERED** this 29th day of November, 2016.

s/Arthur J. Schwab_____
Arthur J. Schwab
United States District Judge


cc:      JEVON A. EVERETT
          HW1387
          SCI Fayette
          PO Box 9999
          LaBelle, PA 15450-0999
          (via U.S. First Class Mail)

          Raymond W. Dorian
          Pennsylvania Department of Corrections
          (via ECF electronic notification)

          Brian T. Feeney
          Greenberg Traurig
          (via ECF electronic notification)

          Gregory T. Sturges
          Greenberg Traurig LLP
          (via ECF electronic notification)